IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER PYLES, # R-43795, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cv-378-MJR |
| | ) |
| WARDEN GAETZ, DR. FAHIM, and | ) |
| WEXFORD HEALTH SERVICES, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Christopher Pyles, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Menard. Plaintiff is serving a life sentence for murder. This case is now before the Court for a preliminary review of Plaintiff's First Amended Complaint (Doc. 13) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Plaintiff's amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The facts below are taken from Plaintiff's First Amended Complaint (Doc. 13). Plaintiff, on June 21, 2009, sent a grievance to Defendant Gaetz describing a dangerous staircase, stating that a certain flight of stairs are "wet/slick . . . during the duration 'shower lines' are ran." Furthermore, Menard had an "unwritten policy/practice

2

requiring inmates to only wear 'shower shoes'" while walking to and from the showers. On July 25, 2009, Plaintiff slipped while walking down this flight of stairs, sustaining injuries to his neck and spine. Officers transported Plaintiff to Chester Memorial Hospital (Chester), and from there airlifted him to St. Louis University Hospital where he remained until July 30, 2009. Chester performed a CAT scan and an M.R.I. upon Plaintiff.

On July 30, 2009, Chester released Plaintiff to Menard, where Defendant Fahim (Medical Director at Menard) treated his injuries. Defendant Fahim "[c]ontinually refused to allow the plaintiff to see a specialist or receive an M.R.I.," motivated by his desire to reduce costs. Plaintiff states that the injuries he sustained on July 25, 2009, have caused him severe and worsening pain within his lower spine, for over two years, and that Defendant Fahim's prescription of pain medication did not alleviate these symptoms. Defendant Fahim's treatment of Plaintiff is a result of Defendant Wexford's "written policy to save money". Defendant Fahim denies Plaintiff certain treatments because his employer, Defendant Wexford, provides monetary incentives to Defendant Fahim in exchange for cost savings.

Plaintiff requests an injunction to receive an M.R.I. and back exam by specialists. Further, Plaintiff requests compensatory and punitive damages totaling $1.5 million. Finally, Plaintiff requests a trial by jury and an injunction transferring Plaintiff to Hill Correctional Center in Galesburg, Illinois.

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these

3

designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Deliberate Indifference to Unsafe Prison Conditions**

Plaintiff alleges that Defendant Gaetz was deliberately indifferent to a hazardous condition at Menard that led to Plaintiff's injuries. The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component

focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id.* The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of

prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff has not pled sufficient facts to state a claim that Defendant Gaetz was deliberately indifferent to the "unwritten policy/practice" that made a particular flight of stairs unsafe. While prisons have an obligation to keep their residents physically safe, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As such, a prison's failure to maintain dry stairwells at all times cannot be considered cruel and unusual in light of contemporary standards. Specifically, there is nothing cruel or unusual about walking on wet stairs after taking a shower.

Furthermore, to state an Eighth Amendment claim, Plaintiff must show that Defendant Gaetz acted with a sufficiently culpable state of mind. Plaintiff's assertions that Defendant Gaetz was deliberately indifferent to an unsafe condition are groundless, as the same wet staircase would also be used by guards and other officials, and thus, not a condition unique to confinement. *See Tunstall v. Rowe*, 478 F.Supp. 87, 89 (N.D. Ill. 1979). Plaintiff has failed to allege conditions unique to his confinement, conditions that are objectively cruel and unusual, or facts supporting the inference that Defendant Gaetz was deliberately indifferent. Therefore, Plaintiff's Eighth Amendment claim against Defendant Gaetz shall be dismissed with prejudice.

**Count 2 – Negligence**

In addition to his Eight Amendment claim, Plaintiff brings a claim for "professional and personal negligence" against Defendant Gaetz for his alleged failure to correct the dangerous flight of stairs. A defendant can never be held liable under

§ 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Inmate injured in a fall caused when guard negligently left a pillow on a stairway). Plaintiff's claim that Defendant Gaetz was negligent does not rise to an Eighth Amendment violation. As Plaintiff's constitutional claim for deliberate indifference has been dismissed, he cannot use supplemental jurisdiction as a means to proceed on his negligence claim. Thus, this claim shall be dismissed without prejudice to Plaintiff bringing a claim in state court.

**Count 3 – Deliberate Indifference to a Medical Need**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). See also *Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D. N.H. 1977); *Mahan v. Plymouth County House of Corr.*, 64 F.3d 14, 18 (1st Cir. 1995); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006; *Sheldon v. Penzley*, 49 F.3d 1312, 1316 (8th Cir. 1995); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Hill v. DeKalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1186 (8th Cir. 1994).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's

daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering")*.* The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff claims that Defendant Fahim was deliberately indifferent in refusing to refer him to a specialist or order M.R.I. testing for Plaintiff's "severe and worsening pain within his lower spine." Plaintiff describes what could plausibly be termed a "serious medical need," as he claims his spine injury resulted in severe pain that persisted for over two years. While Defendant Fahim has prescribed some treatment, Plaintiff alleges that these measures have been ineffective in treating his hernia. Furthermore, as the ineffectiveness of these treatments became more

9

apparent, Defendant Fahim continuously treated Plaintiff with hostility and an unwillingness to listen during his visits, and at one point threatened to send Plaintiff to segregation because Plaintiff persisted in his complaints. Therefore, Plaintiff's claim that Defendant Fahim was deliberately indifferent to his severe and persistent back injury merits further review.

As to Defendant Wexford, the Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff alleges conduct sufficient to subject Defendant Wexford to liability under § 1983. In fact, Plaintiff asserts that Defendant Wexford's policy of compensating its employees for engaging in cost-cutting practices ultimately informed Defendant Fahim's treatment of his back injury. A policy encouraging the denial of MRIs and specialist referrals could plausibly show deliberate indifference towards the medical conditions of inmates. Therefore, Defendant Wexford shall not be dismissed at this time.

**Count 4 – Medical Malpractice**

Plaintiff brings a claim against Defendant Fahim for medical malpractice based on the same conduct detailed above. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the

state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 Ill. Comp. Stat. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 Ill. Comp. Stat. §5/2-622(b).

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill.

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has filed what he deems is a "certificate of merit" (Doc. 13, p. 5) that in some ways resembles the required affidavit (*See* Doc. 13, p. 29). However, this letter lacks crucial information required by Illinois law—namely, the written report from a qualified health professional that Plaintiff's claim is reasonable and meritorious (not merely a treatment recommendation). Therefore, Plaintiff shall be allowed 35 days (on or before September 13, 2012) to file the required affidavits. Should Plaintiff fail to timely file the required affidavits, this claim shall be dismissed with prejudice. *See* FED. R. CIV. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** fails to state a claim upon which relief can be granted and thus is **DISMISSED** with prejudice. The Court lacks subject-matter jurisdiction over **COUNT 2**. **COUNTS 3** and **4** shall receive further review. **DEFENDANT GAETZ** is dismissed from this action without prejudice to Plaintiff bringing a claim in state court.

---

2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

**IT IS FURTHER ORDERED** that as to the medical malpractice claim in **COUNT 4** against Defendants **FAHIM**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (see date certain above). Should Plaintiff fail to timely file the required affidavits, **COUNT 4** shall be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **FAHIM** and **WEXFORD HEALTH SERVICES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendants cannot be found at the addresses provided by Plaintiff, the employer shall furnish the Clerk with the Defendants' current work addresses, or, if not known, the Defendants' last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action

shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/9/2012**

    s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge