IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER PYLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.   11-cv-378-MJR-SCW ) |
| MAGID FAHIM and WEXFORD HEALTH SOURCES, INC., | ) ) ) |
| Defendant(s). | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This case is before the Court on Defendants' Motion to Dismiss and Memorandum of Law in Support of Dr. Magid Fahim and Wexford Health Sources, Inc. (Doc. 30).  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  Plaintiff has filed a Response to the motion (Doc. 41).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** the Motion to Dismiss (Doc. 30).

### II.   Findings of Fact

This matter stems from events which occurred while Plaintiff was an inmate at Menard Correctional Center.  Plaintiff alleges that Defendants were deliberately indifferent to his medical needs because Defendant Fahim refused to refer him to a specialist or order an MRI when he claimed that he had a spinal injury which was accompanied by severe pain (Doc. 14).  Plaintiff alleges that even though his pain persisted, Dr. Fahim continued with the same ineffective treatment and was

often hostile and unwilling to listen to Plaintiff (*Id.*). As to Wexford Health Sources, Plaintiff alleged in his Complaint that Wexford was deliberately indifferent because they promoted a policy that compensated employees for engaging in cost-cutting practices, a policy which Plaintiff claims led to Dr. Fahim's ineffective treatment of his back (*Id.*). Plaintiff also alleges a medical malpractice claim against both Defendants for the same allegations.

On August 9, 2012, District Judge Michael J. Reagan conducted a threshold review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. While the Court allowed Plaintiff's deliberate indifference claim to survive, the Court noted several deficiencies with Plaintiff's medical malpractice claim. Judge Reagan noted that Plaintiff had failed to attach the appropriate affidavit which is required under Illinois law to pursue a medical malpractice claim. The affidavit must also include a written report from a qualified health professional that states that Plaintiff's claim is reasonable and meritorious. The Court instructed Plaintiff that he had thirty-five (35) days, up to and including September 13, 2012, in which to file the required affidavit or his claim would be dismissed with prejudice.

Subsequently, on October 10, 2012, Defendants filed the instant motion to dismiss claiming that Plaintiff had failed to file the affidavit as Ordered by this Court (Doc. 30). The Defendants, thus, requested a dismissal of Plaintiff's medical malpractice claim pursuant to the Court's previous Order warning of such a consequence if Plaintiff failed to file the appropriate affidavit (See Doc. 14). In response to Defendants' motion, Plaintiff filed a Motion to Object Motion to Dismiss (Doc. 41). In his responsive pleading, Plaintiff argued that he did not have to produce expert evidence to support his claim if it was one that was within the common knowledge of lay people. Further, Plaintiff stated that discovery in this case, including an examination of Plaintiff's spine by an expert, would suffice to establish his claim prior to trial.

### III.     Conclusions of Law

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following:  (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff was made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  **See 735 Ill. Comp. Stat. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).**[1]  A separate affidavit and report shall be filed as to each defendant.  **See 735 Ill.Comp.Stat. §5/2-622(b).**

Failure to file the required affidavit is grounds for dismissal of the claim.  **See 735 Ill.Comp.Stat. §5/2-622(g);** *Sherrod v. Lingle*, **223 F.3d 605, 613 (7th Cir. 2000).**  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, **223 F.3d at 614.**  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sounds exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [his] complaint to comply with section 2-622 before [his] action is dismissed with prejudice."  *Id.*; *see also Chapman v. Chandra*, **Case No. 06-cv-0651, 2007 WL 1655799, at**

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 Ill.Comp. Stat §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute (effective 1998) is now in effect.   *See Hahn v. Walsh*, 686 F.Supp.2d 829, 832 n.1 (C.D.Ill. 2010).

**\*4-5 (S.D. Ill. 2007).**

Here, Plaintiff claims that he does not need medical expert evidence to establish his claim if the issue is one that is within the common knowledge of lay people. Further, Plaintiff argues that he will be able to obtain expert testimony during discovery and in preparation for trial. While Plaintiff may obtain evidence to support his claim during discovery, this does not meet the requirements set forth by **735 Ill. Comp. Stat. 5/2-622**. The statute specifically "requires [that] the plaintiff…file a physician's certificate of merit and accompanying report with every malpractice complaint." *Sherrod*, **223 F.3d at 613 (citing 735 Ill. Comp. Stat. 5/2-622).** The statute does not provide an exception as Plaintiff states for common medical issues. The statutory requirement is substantive law that applies to every medical malpractice claims brought in federal court. *Chapman*, **207 WL 1655799, at \*3.** Further, this Court previously ordered Plaintiff to comply with the requirements of **735 Ill. Comp. Stat. 5/2-622** or face dismissal with prejudice. *See Sherrod*, **223 F.3d at 614 (a plaintiff who fails to attach a certificate and report must be given an opportunity to amend complaint to comply with the statute before claim is dismissed with prejudice).** Here, Plaintiff was given ample time and opportunity to comply with the requirements of **735 Ill. Comp. Stat. 5/2-622**, yet he has failed to comply with both the statute's requirements and this Court's previous Order. Thus, the undersigned finds that Plaintiff's medical malpractice claim should be **dismissed with prejudice** for failure to provide the proper certificate and report as required by **735 Ill. Comp. Stat. 5/2-622**.

### IV.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has failed to meet his filing requirements for a medical malpractice claim, **GRANT** Defendants' motion to dismiss (Doc. 30), and **DISMISS** the medical malpractice claim **with prejudice**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **February 4, 2013**.

Should the Court adopt these findings and recommendations, the only claim that will remain is the deliberate indifference claim against Defendants Magid Fahim and Wexford Health Sources, Inc.

**IT IS SO ORDERED**.

DATED: January 16, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge