IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER PYLES, # R-43795,       )
                                    )
               Plaintiff,           )
                                    )
                                    )
vs.                                 )   Case No. 3:11-cv-0378-MJR
                                    )
MAGID FAHIM and                     )
WEXFORD HEALTH SERVICES,            )
                                    )
               Defendants.          )

MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    <u>Introduction and Factual/Procedural Background</u>

Plaintiff Christopher Pyles, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The following is a brief summary of Plaintiff's factual allegations.

On June 21, 2009, Plaintiff sent a grievance to Warden Gaetz describing a dangerous staircase, stating that a certain flight of stairs were "wet/slick … during the duration 'shower lines' are ran [sic]." On July 25, 2009, Plaintiff slipped while walking down this staircase, sustaining injuries to his neck and spine. He was transported to Chester Memorial Hospital and from there airlifted him to St. Louis University Hospital where he remained until July 30, 2009. Plaintiff underwent a CAT scan and an M.R.I.

Released back to Menard, Plaintiff came under the care of Defendant Fahim, who, motivated by a desire to reduce costs, "[c]ontinually refused to allow the plaintiff to see a specialist or receive an M.R.I." The injuries Plaintiff sustained

1

on July 25 have caused him severe and worsening pain in his lower spine for over two years. Moreover, Fahim's prescription of pain medication did not alleviate his symptoms. In sum, Fahim denied Plaintiff certain treatments because Wexford, his employer, provides monetary incentives for cost savings.

Upon threshold review, the undersigned District Judge dismissed Plaintiff's deliberate indifference to unsafe prison conditions claim, dismissed his negligence claim against Gaetz (terminating him as Defendant herein) and allowed his claim for deliberate indifference to medical needs to proceed (Doc. 14). As to Plaintiff's medical malpractice claim, the Court noted that Plaintiff failed to attach to his complaint an affidavit and report from a qualified health professional that Plaintiff's claim was reasonable and meritorious, as required by 735 ILCS 5/2-622. The Court advised Plaintiff that a separate affidavit and report had to be filed as to each defendant. The Court allowed Plaintiff 35 days, until September 13, 2012, within which to file the required documents and warned Plaintiff that failure to timely file them would result in dismissal of his claim with prejudice.

On October 10, 2012, Defendants moved to dismiss Plaintiff's malpractice claim for failure to comply with a Court Order and with the requirements of 5/2-622 (Doc. 30). Plaintiff responded to the motion to dismiss, contending that affidavits were not necessary to support his claim because his condition is one that is within the common knowledge of lay people. He also argues that discovery in this case, including an examination of his spine by an expert, would establish his claim before trial.

The motion was referred to Judge Williams, who submitted a Report and Recommendation ("the Report"), recommending that the undersigned District Judge find that Plaintiff failed to meet the filing requirements for a medical malpractice claim, grant Defendants' motion to dismiss (Doc. 30) and dismiss the medical malpractice claim with prejudice. On February 22, 2013, Plaintiff filed a timely objection to the Report.

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

B.  Analysis

As the Court stated in its August 9, 2012, threshold order, Illinois law requires a Plaintiff "[i]n any action, … in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," to file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily

3

dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* **5/2-622(a)**.

Failure to file the required affidavit is grounds for dismissal of the claim. **5/2-622(g);** *Sherrod v. Lingle,* **223 F.3d 605, 613 (7th Cir. 2000).** "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra,* **2007 WL 1655799 *4-5 (S.D. Ill. 2007)**.

The Court gave Plaintiff an opportunity to submit the required reports and affidavits, and warned Plaintiff that failure to file them would result in dismissal of his medical malpractice claim with prejudice. Plaintiff failed to file the required documentation, and Defendants moved to dismiss the claims. There followed Judge Williams's Report recommending that Defendants' motion be granted and the malpractice claim dismissed.

In Plaintiff's objection to Judge Williams's Report, he sets forth law and facts related to exhaustion of remedies. But whether Plaintiff exhausted his remedies is not presently at issue. At no point in his objection does Plaintiff address his failure to provide the documentation necessary to support a medical malpractice claim.

C.  Conclusion

Because Plaintiff's objection to the Report fails to refute Judge Williams's findings in any respect, the Court **ADOPTS in its entirety** Judge Williams's January 16, 2013, Report and Recommendation (Doc. 58), **GRANTS** Defendants' motion to dismiss (Doc. 30) and **DISMISSES** Plaintiff's medical malpractice claim with prejudice. The only remaining claim in this action is Plaintiff's deliberate indifference claim against Fahim and Wexford.

IT IS SO ORDERED.

DATED this 28th day of February, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
